IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE LUIS LEAL,<br><br>    **Plaintiff,**<br><br>v.<br><br>LT. PINKERTON, LT. HAVENS, SGT. CROWSON, SGT. ETHERTON, C/O GIBBS, C/O NORTH, C/O YINGLING, CHIEF HUNTER, C/O CROMPTON, C/O FREEMAN, C/O ALLEN, and C/O CREEK,<br><br>    **Defendants.** | Case No. 24-cv-105-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jorge Luis Leal, an inmate of the Federal Bureau of Prisons who is currently incarcerated at Federal Correctional Institution—Forrest City, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was a pretrial detainee at the Williamson County Jail. On January 17, 2024, the claims in this case were severed from Leal's claims in *Leal v. Pinkerton, et al.*, Case No. 22-cv-1172-SMY, after Leal advised the Court of his desire to proceed with the severed claims (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

The allegations related to the claims in this severed case are set forth in the merits review Order in *Leal v. Pinkerton, et al.*, Case No. 22-cv-1172-SMY, filed in this case on January 17, 2024 (*See* Doc. 6, pp. 4-5). The following claims were severed into this case:

> **Count 15:** **Fourteenth Amendment claim against Crowson, Etherton, Havens, Pinkerton, and Hunter for placing Leal on lockdown with no access to essential services while investigating a PREA claim against him from November 23 until December 8, 2021.**
>
> **Count 16:** **Fourteenth Amendment claim against Crompton for denying Leal mental health treatment necessitated by the PREA investigation from November 23 until December 8, 2021.**
>
> **Count 17:** **First Amendment claim against North, Yingling, and Freeman for retaliating against Leal for filing a lawsuit by conducting a shakedown of his cell in December 2021 or January 2022.**
>
> **Count 18:** **Fourteenth Amendment claim against Hunter, Allen, North, and Havens for denying Leal's grievance about the shakedown.**
>
> **Count 19:** **First and/or Fourteenth Amendment claim against Gibbs for opening two pieces of mail outside of Leal's presence on January 26, 2022.**
>
> **Count 20:** **Fourteenth Amendment claim against Hunter, Creek, Etherton, and North for denying Leal's related grievance about mail interference that occurred on January 26, 2022.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that**

**is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Because Leal was a pretrial detainee at the time his claims arose, his claims implicate the Fourteenth Amendment Due Process Clause. *See Kingsley v. Henderson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). Jail conditions violate the Fourteenth Amendment when they deprive a pretrial detainee of basic human needs, such as food, water, medical care, and safety. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively unreasonable." *Miranda*, 900 F.3d at 352-54. *See also Hardeman*, 933 F.3d at 823 ("objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees").

Leal fails to state a claim as to Count 15, which alleges that he was denied access to "essential services" while on investigative lockdown. His allegations fail to describe the conditions that he faced while on lockdown. He also fails to describe what essential

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

services he was deprived of during the lockdown. Without more, Leal fails to state a claim.

As to Count 16, Leal states a claim against Correctional Officer ("C/O") Crompton for failing to schedule Leal for mental health care. Leal alleges that during his lockdown, his mental health deteriorated, and he expressed suicidal thoughts and concerns to Crompton. He also requested to be seen by mental health staff, but Crompton failed to take action to ensure Leal saw mental health staff for his mental condition. At this stage, Leal adequately alleges that Compton acted knowingly and unreasonably in failing to obtain care for Leal.

Leal's claim in Count 17 falls under the First Amendment. "First Amendment retaliation cases require the [plaintiff] to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). "The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Id.* (citation omitted). Leal alleges that after taking steps to file a lawsuit against officials at the jail, C/O North, C/O Freeman, and C/O Yingling conducted a shakedown of his cell that lasted longer than the average shakedown and resulted in his legal materials being strewn about his cell. At this stage, the allegations state a First Amendment retaliation claim.

Leal fails, however, to state a claim in Count 19. "Although prison officials may open a prisoner's legal mail in his presence, *Wolff v. McDonnell,* 418 U.S. 539, 577, 94 S.Ct.

4

2963, 41 L.Ed.2d 935 (1974), repeated instances of a prisoner's legal mail being opened outside of his presence are actionable." *Greeno v. Litscher*, 13 F. App'x 370, 375-76 (7th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996)). Legal mail is afforded greater protections because it could interfere with a detainee's right of access to the courts. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). "Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Id.* at 686 (citing *Wolf*, 418 U.S. at 577).

Leal's allegations regarding the mail opened outside of his presence are vague and conclusory. He alleges that opening the mail violated his attorney-client privilege and that it contained "confidential mail" and/or "confidential legal documents" (Doc. 2, p. 26). But he fails to allege whether the mail was from his attorney or whether it was properly marked as from an attorney. Nor is there any indication as to the type of documents that were contained within the letter. Thus, he fails to state a claim for the opening of his legal mail.

Finally, Leal fails to state a claim in Counts 18 and 20 for the defendants' denial of grievances related to the shakedown of his cell and interference with his legal mail. An official cannot be liable for simply responding to or denying grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, Leal fails to state a claim for either count related to the denial of his grievances.

### Disposition

For the reasons stated above, Count 16 shall proceed against Crompton, and Count 17 shall proceed against North, Yingling, and Freeman. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants C/O Crompton, C/O North, C/O Yingling, and C/O Freeman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Leal. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Leal, the employer shall furnish the Clerk of Court with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Leal, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Leal is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 24, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**