**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JORGE LUIS LEAL,

      Plaintiff,

v.                                                    Case No. 24-cv-105-NJR

SHAWN FREEMAN, JONATHAN
YINGLING, and SOMMER NORTH,

      Defendants.

## SCHEDULING AND DISCOVERY ORDER

**ROSENSTENGEL, Chief Judge:**

The issue of exhaustion of administrative remedies has been resolved, and thus the previously imposed stay on merits discovery is lifted.

**I.    Discovery**

    A. Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. On motion, these limits may be increased for good cause shown.

    B. Any interrogatories, requests for production of documents, or requests for admissions shall be served so as to allow the answering party the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond.

    C. The parties are reminded that discovery requests must be made in accordance with Federal Rule of Civil Procedure 26(b): the parties should only "obtain discovery regarding any non-privileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case."

D. Defendants are given leave to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2). Defendants shall serve any Rule 30 notice upon Plaintiff at least **two weeks** prior to the date of a deposition. Plaintiff is informed that he must cooperate in the taking of his deposition. It is appropriate and proper for defense counsel to take a Plaintiff's deposition and to ask questions even if Plaintiff is not represented by counsel. The failure to cooperate in the taking of a deposition by, for example, refusing to answer appropriate questions, may result in sanctions, including the dismissal of this lawsuit. Plaintiff is directed to review Federal Rule of Civil Procedure 30.

E. All discovery must be completed by **April 15, 2026.** <u>Pursuant to Federal Rule of Civil Procedure 26(e), the parties are under an ongoing obligation to supplement the disclosures and production in this case</u>. Failure to timely disclose or supplement discovery in this case may result in sanctions, including being prohibited from using the undisclosed information or witness.

F. If a motion to compel discovery pursuant to Rule 37 is filed, the party filing the motion also shall submit the discovery requests and responses (if any) at issue.

G. The Court encourages the parties to conduct discovery in a timely manner. Motions for extension of the discovery deadline filed on or shortly before a

deadline are disfavored.

## II.     Dispositive Motions

Any dispositive motion on the merits of Plaintiff's claims shall be filed by **May 13, 2026**. **Plaintiff is WARNED that the failure to respond to a dispositive motion may result in an Order granting summary judgment and terminating this matter.**

## III.     *Daubert* Motions

All *Daubert* motions (seeking to exclude expert testimony/evidence) shall be filed by **May 13, 2026**. **The parties are WARNED that *Daubert* motions not filed in accord with this deadline will be denied as untimely filed.**

## IV.     Trial Schedule

Trial will be set once the Court rules on all dispositive motions, or, if none are filed, once the deadline for dispositive motions has passed. The Court will set a status conference with the parties to select a firm trial date. The parties should confer with each other prior to the status conference to identify potential trial dates. Once the trial date is set, a continuance will be granted only in the rarest of circumstances.

## IV.     Other Matters.

Finally, if the parties believe a settlement conference would be beneficial now or at any point before trial, they should contact the Court for a prompt setting.

**IT IS SO ORDERED.**

**DATED:   June 27, 2025**

s/ *Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**