**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE LUIS LEAL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHAWN FREEMAN, JONATHAN YINGLING, and SOMMER NORTH,**<br><br>**Defendants.** | **Case No. 3:24-CV-105-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jorge Luis Leal, an inmate of the Bureau of Prisons, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was a pretrial detainee at the Williamson County Jail. Leal claims that certain officers employed by Williamson County violated his rights under the First and Fourteenth Amendments when they conducted a shakedown of his cell in retaliation for his efforts to file a lawsuit regarding another incident at the jail. On June 27, 2025, the Court entered a scheduling order, which limits each party to 15 interrogatories, 15 requests for production ("RFPs"), and 10 requests for admission. (Doc. 25, p. 1). These limits may be increased by motion for good cause shown. (*Id.*).

Presently before the Court is Leal's Motion for Leave to Exceed Discovery Limits and Motion to Compel Supplemental Discovery Responses. (Doc. 50). After serving more discovery requests than permitted by the scheduling order, he asks the Court to direct Defendants to respond to *all* of his inquiries. He also asks the Court to compel Defendants

to provide supplemental responses regarding video footage of the shakedown of his cell and to produce certain additional documentation about the incident. Defendants respond that Leal has not established good cause to exceed the applicable discovery limits, particularly because many of his requests are overbroad and disproportionate to the needs of the case. (Doc. 52). Regarding Leal's request for video evidence, Defendants note that they have already informed him that no footage of the incident exists. They further contend that their prior responses to Leal's RFPs were adequate and that no supplementation is necessary. Defendants also point out that Leal did not properly meet and confer before seeking Court intervention as required by Federal Rule of Civil Procedure 37(a)(1).

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)).

A district court has broad authority to set limits on the scope of discovery in its

scheduling order. *See* Fed. R. Civ. P. 16(b)(3)(B)(ii); *dunnhumby USA, LLC v. Emnos USA Corp.*, No. 13 C 0399, 2013 WL 12619068, at *1 (N.D. Ill. Nov. 26, 2013); *Sanders v. City of Indianapolis*, No. 09-CV-0622-SEB-JMS, 2010 WL 1410587, at *1 (S.D. Ind. Apr. 2, 2010). A scheduling order may only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

Leal's motion concerns Defendants' responses to his written interrogatories, which are governed by Rule 33, requests for production, which are governed by Rule 34, and requests for admission, which governed by Rule 36. These rules authorize a party to file a motion to compel discovery if a responding party fails to produce materials as requested. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv); *see also* Fed. R. Civ. P. 36(a)(6). Under Rule 37(a)(1), the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

## Discussion

In his motion, Leal seeks (1) leave to exceed the discovery limits contained in the scheduling order, (2) to compel supplemental responses regarding video footage of the January 1, 2022 shakedown of his cell, and (3) to compel Defendants to produce additional documentation about the incident.

### a.

As mentioned above, the Scheduling Order limits discovery to 10 requests for admission, 15 interrogatories, and 15 requests for production. (Doc. 25, p. 1). Leal, however, served 25 requests for admission (Doc. 50, pp. 23-27), 29 interrogatories (*id.* at

pp. 29-36, 40-48, 51-59), and 26 RFPs (*id.* at pp. 62-68). Accordingly, Defendants responded to the discovery requests to the extent required by the scheduling order, i.e., the first 10 requests for admission, the first 15 interrogatories, and the first 15 requests for production.

Leal says that good cause exists to modify the scheduling order and require Defendants to respond to the remainder of his discovery requests. He argues that this is a complex case and his queries concern matters central to his claims. He also notes that Defendants' responses prompted additional questions, such as the reason for a lack of documentation regarding the shakedown. Finally, he contends that he has acted diligently throughout discovery and his requests are narrowly tailored. Defendants respond that the additional discovery would not be proportional to the needs of the case, particularly because he seeks materials concerning unrelated incidents.

The Court believes that Leal has established good cause for a modification of the discovery limits, although not of the extent proposed. Many of the matters on which Leal seeks information are relevant to his retaliation claim. For instance, Leal asks Defendants to state whether they were aware that he had filed grievances concerning staff misconduct prior to the date of the shakedown. (Doc. 50, p. 55). He also asks whether staff had ever characterized him as a "problem inmate" or "litigious." (*Id.* at p. 56). His requests for admission, notably, seek Defendants' position regarding evidence preservation issues that have become relevant. (*Id.* at pp. 25-26). Leal is entitled to relief from the present limits in the scheduling order.

However, the Court does not believe it is appropriate to expand discovery to the

extent Leal proposes. For one, he appears to have generated his discovery requests without any regard for the limits set by the Court. The Court will not sanction that approach by ordering Defendants to simply amend their prior responses. Furthermore, this is not an especially complex case, where extensive discovery is necessary. Leal alleges a single incident of retaliation by three defendants. Several of Leal's RFPs and interrogatories stray into matters with little apparent connection to his claim or seek materials that are likely disproportionate to the needs of this case. For example, the Court is not sure of the connection between an "August 2021 Department of Corrections shakedown" and the incident at issue here. (*Id.* at p. 35). Accordingly, Leal's request is granted in part. He may propound five additional requests for admission, five additional interrogatories, and seven additional RFPs. Defendants shall serve responses within 14 days of receiving them.

**b.**

Leal also asks the Court to order Defendants to provide supplemental responses explaining why no video footage of the shakedown exists and certain additional records documenting the shakedown that he believes "likely exist or once existed." (Doc. 50, pp. 3-4). However, as Defendants point out, Leal does not certify in his motion or in his reply brief that he complied with his obligation under Rule 37(a)(1) to confer (or attempt to confer) with the opposing party before seeking judicial intervention. The Court rigorously enforces compliance with this requirement. *See Jones v. Wills*, No. 20-CV-1128-NJR, 2022 WL 17711086, at *3 (S.D. Ill. Dec. 15, 2022); *Thornton v. Lashbrook*, No. 17-CV-01296-NJR, 2020 WL 3871350, at *2 (S.D. Ill. July 9, 2020); *Nesby v. Searby*, No. 18-CV-

02145-NJR, 2020 WL 1821138, at *4 (S.D. Ill. Apr. 10, 2020). After all, "[i]t is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).

Although the Rule 37(a) certification requirement may be set aside, *see Bass v. Kansas City S. Ry. Co.*, No. 3:20-CV-01365-NJR, 2022 WL 3153960, at *2 (S.D. Ill. Aug. 8, 2022), the Court sees no basis to do so here. The discovery deadline has not yet passed (Doc. 55), and aspects of Leal's motion to compel may be mooted by the additional discovery it authorized above. Accordingly, this portion of Leal's motion is **DENIED without prejudice**.

## CONCLUSION

For these reasons, the Motion for Leave to Exceed Discovery Limits and Motion to Compel filed by Plaintiff Jorge Luis Leal (Doc. 50) is **GRANTED in part and DENIED in part**. Leal may serve **five** additional requests for admission, **five** additional interrogatories, and **seven** additional RFPs. Defendants **SHALL** serve responses within **14 days** of receiving them. The remainder of Leal's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 18, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**