**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE LUIS LEAL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHAWN FREEMAN, JONATHAN YINGLING, and SOMMER NORTH,**<br><br>**Defendants.** | **Case No. 3:24-CV-00105-NJR** |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jorge Leal filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Shawn Freeman, Jonathan Yingling, and Sommer North violated his First Amendment rights. (Doc. 2, p. 1). Specifically, Leal claims that they conducted shakedowns of his cell in retaliation for writing grievances. (Doc. 24, p. 10).

Now before the Court are two motions by Leal: a Motion to Compel (Doc. 61) and a Motion to Extend Discovery Deadline (Doc. 60). Defendants responded to both motions on October 6, 2026 (Docs. 64, 63), and Leal filed replies in support of his Motion to Compel on October 30, 2026 (Doc. 66) and his Motion to Extend Discovery Deadline on October 13, 2026 (Doc. 65). These motions are now ripe for the Court's review.

### Background

The present motion to compel concerns discovery around a shakedown of Leal's cell on January 1, 2022. (Doc. 2, p. 25). Leal alleges that Defendants conducted this shakedown in "retaliation" for a separate ongoing suit "against Williamson County Jail

officials," and that during the incident, Defendants "deliberately read" his "confidential legal documents." (*Id.*). Defendants maintain that they did not. (Doc. 64-7, pp. 4, 15, 25). Shortly thereafter, Leal filed a grievance in which he stated: "I also encourage you to keep the video footage for that day as it may be relevant for future civil [litigation]." (Doc. 61, p. 4). On January 7, 2022, Chief Todd Hunter responded that he had "read all of [Leal's] statements that [he had] provided with [his] step 4 grievance." (*Id.*).

On January 17, 2024, Leal filed the complaint in this case, of which only his First Amendment retaliation claim has survived. (Docs. 2, 24). Discovery commenced on June 27, 2025. (Doc. 25). On April 14, 2026, the Court granted the parties' joint motion to extend the discovery deadline (Doc. 38), and again on July 29, 2026, the Court granted Leal's motion to extend the discovery deadline (Doc. 55). Finally, on August 18, 2026, the Court permitted Leal to serve supplemental discovery. (Doc. 58).

During this discovery period, Defendants informed Leal that "after a reasonable search and inquiry" they were unable to locate footage of the January 1, 2022 incident. (Doc. 64-4, p. 2).

On August 22, 2026, Leal served Defendants with written discovery. (Doc. 64-1). This included Supplemental Interrogatory No. 20:

> Identify each person who, before any surveillance footage of the January 1 Shakedown became unavailable, received or became aware of Plaintiff's January 2022 grievances, supporting statements, witness statements, preservation request, or notice that Plaintiff anticipated civil litigation concerning the January 1 Shakedown, and state what action, if any, that person took to preserve surveillance footage or other evidence relating to the incident.

(Doc. 61, p. 2).

Defendant North responded as follows:

> Objection. This Interrogatory assumes facts not established, including that surveillance footage depicting the January 1 Shakedown existed and subsequently "became unavailable." Defendant North further objects to the extent the Interrogatory seeks information concerning the knowledge or actions of other individuals outside her personal knowledge.
>
> Subject to and without waiving these objections, Defendant North does not recall receiving or becoming aware of any written request explicitly seeking preservation, witness statement, supporting statement, or notice that Plaintiff anticipated civil litigation concerning the January 1 Shakedown before any potentially responsive surveillance footage became unavailable. Defendant North likewise does not recall taking any action to preserve surveillance footage relating to the January 1 Shakedown . . . .

(Doc. 64-2, p. 4).

Defendants Yingling and Freeman responded similarly. (Doc. 64-2, pp. 11, 17). After the parties conferred pursuant to Rule 37, Leal filed the present motion to compel a "complete response" to the interrogatory "based upon the information reasonably available to each responding Defendant after the reasonable inquiry Defendants represent they conducted." (Doc. 61, pp. 1-2). He also filed a motion to again extend the discovery deadline. (Doc. 60). The Court considers each motion in turn.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

A party may move to compel an answer when another party fails to answer an interrogatory submitted under Rule 33. FED. R. CIV. P. 37(a)(3)(B)(iii). Interrogatory responses must be based on both personal knowledge and reasonable inquiry. *Croom v. Hughes*, No. 23-cv-02885-NJR, Doc. 81, at 4-5 (S.D. Ill. Sep. 21, 2026) (citing *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 n.2 (7th Cir. 2011)). Nevertheless, requested discovery must be "reasonably tailored" to produce information that bears on a party's claims as alleged in the complaint. *Smith v. Portwood*, No. 19 C 5329, 2021 WL 4318076, at *2 (N.D. Ill. Sept. 23, 2021).

Courts have broad discretion during discovery to fashion appropriately tailored relief. *See Fields v. City of Chicago*, 981 F.3d 534, 551 (7th Cir. 2020). However, a court is not required to re-write an overbroad discovery request for the parties. *See Armour v. Santos*, 2022 U.S. Dist. LEXIS 198931, at *5 (S.D. Ill. Nov. 1, 2022).

## DISCUSSION

### I. Motion to Compel

Supplemental Interrogatory No. 20 states:

> Identify each person who, before any surveillance footage of the January 1 Shakedown became unavailable, received or became aware of Plaintiff's January 2022 grievances, supporting statements, witness statements, preservation request, or notice that Plaintiff anticipated civil litigation concerning the January 1 Shakedown, and state what action, if any, that person took to preserve surveillance footage or other evidence relating to the incident.

(Doc. 61, p. 2).

As a preliminary matter, the Court agrees with Defendants that the phrase "before

any surveillance footage of the January 1 Shakedown became unavailable" assumes a fact that has not been established, namely whether such footage existed in the first place. However, because Courts have broad discretion during discovery to fashion appropriately tailored relief, that does not end the inquiry. *See Fields*, 981 F.3d at 551.

Leal's principal objection to Defendants' responses is that they are based solely on personal knowledge, whereas interrogatories require reasonable inquiry into who else may have had knowledge of the preservation notice and what actions they took. Defendants respond that "if [they] do not have personal knowledge of these persons, they should not assume." (Doc. 64, p. 5). They also explain that they "do not have records, aside from grievance responses, that would mention all person [sic] reviewing a grievance, or all persons reviewing video surveillance footage." (*Id.*). Further, given that more than four years have passed since the incident, Defendants argue that "[d]etermining whether particular individuals received specified documents . . . and reconstructing what those persons subsequently did with respect to surveillance footage" presents a disproportionate burden. (*Id.* at pp. 12-13). Finally, Defendants state that Leal's failure to establish whether the footage in question existed to begin with suggests that "further compelled inquiry would yield diminishing benefits while imposing burdens disproportionate to the discrete discovery dispute presented." (*Id.* at p. 14).

The Court agrees with Leal that interrogatory responses require not just personal knowledge but also reasonable inquiry. *See Croom*, No. 23-cv-02885-NJR, Doc. 81, at 4-5 ("interrogatory responses are not limited to personal knowledge; a party must furnish all responsive, non-privileged information available upon reasonable inquiry."). Yet

Defendants, in their responses, expressly and improperly refused to inquire beyond their personal knowledge. (Doc. 64-2, p. 4) ("Defendant North further objects to the extent the Interrogatory seeks information concerning the knowledge or actions of other individuals outside her personal knowledge.").

Ongoing discovery has concretely identified one jail official, Chief Hunter, who stated that he read Leal's grievance containing his preservation request. (Doc. 61, pp. 3-4). Consistent with the interrogatory, requiring Defendants to ask Chief Hunter "what action, if any, [he] took to preserve surveillance footage or other evidence relating to the incident" falls within the scope of a reasonable inquiry. However, the Court is mindful of the burdens of discovery, especially when much time has passed; memories may have faded, and other discovery has already been conducted on this issue. As such, the Court grants Leal's motion to compel as to Chief Hunter, but denies it otherwise.

## II. Motion to Extend Discovery

Leal presently[1] seeks an extension of the discovery deadline "to resolve Supplemental Interrogatory No. 20, complete the ongoing Rule 37 conference concerning Supplemental RFP No. 19, and permit any resulting supplementation." (Doc. 65, p. 5). Defendants oppose the extension, even as narrowed. (Docs. 63; 67, p. 2).

As of today, the Court has resolved the dispute concerning Supplemental Interrogatory No. 20. Further, the parties have now had at least 31 days[2] to complete

[1] In his reply (Doc. 65), Leal narrowed his original request for an extension of the discovery deadline (Doc. 60).

[2] Leal informed the Court that a Rule 37 conference was ongoing on October 13, 2026. (Doc. 65).

their Rule 37 conference regarding Request for Production No. 19—that is sufficient time to discuss a single request for production. As such, the Court denies Leal's motion to extend discovery.

## CONCLUSION

For the reasons stated above, Plaintiff Jorge Leal's Motion to Compel (Doc. 61) is **GRANTED in part** to the extent that Defendants must make a reasonable inquiry of Chief Hunter and supplement their responses on or before **December 14, 2026**. The motion is **DENIED** otherwise. Leal's Motion to Extend Discovery Deadline (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 13, 2026**

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**